Filed 4/17/25  P. v. Moreno CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDGARDO ANDRE MORENO et al.,<br><br>    Defendants and Appellants. | B338007<br><br>(Los Angeles County Super. Ct. No. NA102184) |

THE COURT:

The trial court resentenced appellants Alfredo Landeros and Edgardo Moreno in accordance with this court's directions in *People v. Shinn et al.* (Apr. 27, 2023, B316256, mod. May 17, 2023) [nonpub. opn.].  Before the hearing, appellants requested a new trial, citing the Racial Justice Act (RJA).  (Pen. Code,

§ 745.)[1] The court found that appellants did not show a prima facie case of discrimination under the RJA and denied their request for a new trial.

The facts are described in *People v. Shinn, supra,* B316256. Appellants are members of the West Side Longos, a street gang overseen by the Mexican Mafia. Their codefendant, Edward Alcaraz Shinn, has elevated status in the Mexican Mafia.[2] In 2008, Shinn assaulted his mistress, Shanta Lucero, who had to be hospitalized. Lucero told police that Shinn inflicted her injuries and testified against him at a preliminary hearing, despite Shinn's warning that he would have her killed. Appellants were enlisted to kill Lucero, who was shot execution style. At trial, Moreno testified that he killed Lucero. (*Ibid.*)

In 2021, a jury convicted appellants of first degree murder, conspiracy to commit murder, and criminal street gang conspiracy. (§§ 187, subd. (a), 182, subd. (a)(1), 182.5.) Jurors found special circumstances: (1) the victim was killed because she was a witness and (2) appellants committed the killing while active participants in a street gang. (§§ 190.2, subd. (a)(10) & (22).) The jury found firearm allegations true (§ 12022.53, subd. (d)), and that all three crimes were committed for the benefit of, at the direction of, or in association with a criminal street gang. (§ 186.22, subd. (b)(1)(C).)

Moreno was sentenced to life without the possibility of parole (LWOP), which the court doubled due to Moreno's prior strike, plus 25 years to life for the firearm enhancement, plus five years for a prior serious felony conviction. Landeros was

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defendant Shinn is not a party to this appeal.

sentenced to LWOP, plus 25 years to life for the firearm enhancement. (*People v. Shinn, supra,* B316256.) The court declined to exercise discretion to strike the gun enhancements or prior conviction.

This court affirmed the convictions, but vacated appellants' sentences. We eliminated the doubling of Moreno's LWOP sentence and vacated gang-related enhancements and special circumstances, owing to statutory changes. The People could elect to retry the gang-related special circumstances and enhancements. We directed the trial court to impose a sentence on the conspiracy counts and remanded the case for resentencing. (*People v. Shinn, supra,* B316256.)

Before the resentencing hearing, Moreno requested a new trial pursuant to the RJA. He argued that use of the term "Mexican Mafia" at trial was discriminatory. Evidence submitted in support of the motion show that Moreno and defendant Shinn used the term "Mexican Mafia" at trial, as did the prosecution and police witnesses.[3]

In opposition, the People quoted the RJA, which bans "racially discriminatory language about the defendant's race, ethnicity, or national origin"; however, this "does not apply if the person speaking is relating language used by another that is relevant to the case." (§ 745, subd. (a)(2).) "Mexican Mafia" was not invented by police or the prosecution as a pejorative racial

---

[3] Transcripts offered by Moreno show that gangs use the letter "M" or the number 13 ("M" is the thirteenth letter of the alphabet) to honor the Mexican Mafia. Shinn testified, "I have friends that associate with the Mexican Mafia." Moreno testified that when there is "paperwork" on someone, "the rules of the Mexican Mafia are that person has to be killed."

term.  Trial evidence showed that Shinn is a leader in the Mexican Mafia.  Appellants' allegiance to the Mexican Mafia gave them a motive to kill Lucero at Shinn's behest.

The trial court denied the motion for new trial, finding that Moreno failed to make a prima facie case under the RJA.  It stated that "Mexican Mafia" is a term that has been around for a long time.  It is not a coded term, "just a descriptive title that's put on that group."  The court noted that Shinn and Moreno both used the term in their testimony, to refer to an organization.

The court sentenced Moreno to LWOP on count 1, first degree murder, based on the special circumstance of killing a witness, plus five years for a prior serious felony.  It sentenced him to 25 years to life, doubled to 50 years, on count 2, conspiracy to commit murder, then stayed the sentence on count 2 pursuant to section 654.  It dismissed count 3 because the People elected not to retry the gang count or gang enhancements.

Landeros joined the motion for new trial, which the court denied.  It sentenced him to LWOP for the murder conviction in count 1, plus a consecutive term of 25 years to life for gun use.  It sentenced him to 25 years to life on count 2, plus 25 years to life for gun use, then stayed the sentence on count 2 pursuant to section 654.  It dismissed count 3.

Appellants appealed the new trial and resentencing orders.  We appointed counsel to represent them.  After examining the record, counsel filed briefs raising no issues.  We advised appellants that they had 30 days to personally submit any contentions or issues that they wished to raise on appeal.  Appellants did not file supplemental briefs.

We have reviewed the entire record and are satisfied that appellants' attorneys fully complied with their responsibilities

and that no arguable issue exists.  (*People v. Wende* (1979) 25 Cal.3d 436, 441, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

## DISPOSITION

The judgments are affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.          CHAVEZ, J.          RICHARDSON, J.